FILED
CLERK, U.S. DISTRICT COURT

10/11/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>SHAVARSH AZARIAN,<br><br>            Defendant. | CR No. 2:24-cr-00611-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms and Silencers; 26 U.S.C. § 5861(i): Possession of Firearms and Silencers Without Serial Numbers; 18 U.S.C. § 924(d), 26 U.S.C. §§ 5872, 7302, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about May 11, 2023, in Los Angeles County, within the Central District of California, defendant SHAVARSH AZARIAN knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), that defendant AZARIAN knew to be a machinegun, namely, seven machinegun conversion devices (also known as "auto sears" or "Glock switches"), bearing no serial numbers, each of which were

designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

COUNTS TWO THROUGH FIVE

[26 U.S.C. § 5861(d)]

On or about May 11, 2023, in Los Angeles County, within the Central District of California, defendant SHAVARSH AZARIAN knowingly possessed firearms, as set forth below, each of which defendant AZARIAN knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and (c), and which had not been registered to defendant AZARIAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| TWO | A "Hell's Forge," model Shashka, 5.56 caliber rifle, bearing serial number CA3141, having a barrel length of approximately 12 inches |
| THREE | A .45 caliber rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), having a barrel length of approximately 9.5 inches |
| FOUR | A .22 caliber ghost gun rifle, having a barrel length of approximately 6.1 inches |
| FIVE | A .380 caliber ghost gun rifle, having a barrel length of approximately 5.5 inches |

COUNTS SIX AND SEVEN

[26 U.S.C. § 5861(d)]

On or about May 11, 2023, in Los Angeles County, within the Central District of California, defendant SHAVARSH AZARIAN knowingly possessed firearms, as set forth below, each of which defendant AZARIAN knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which had not been registered to defendant AZARIAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| SIX | A firearm silencer approximately 6.5 inches in length, bearing no markings and no serial number |
| SEVEN | A firearm silencer approximately 9 inches in length, bearing no markings and no serial number |

COUNTS EIGHT THROUGH TEN

[26 U.S.C. § 5861(i)]

On or about May 11, 2023, in Los Angeles County, within the Central District of California, defendant SHAVARSH AZARIAN knowingly possessed firearms, as set forth below, each of which defendant AZARIAN knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and (c), and which were not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| EIGHT | A .45 caliber rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), having a barrel length of approximately 9.5 inches |
| NINE | A .22 caliber ghost gun rifle, having a barrel length of approximately 6.1 inches |
| TEN | A .380 caliber ghost gun rifle, having a barrel length of approximately 5.5 inches |

COUNTS ELEVEN AND TWELVE

[26 U.S.C. § 5861(i)]

On or about May 11, 2023, in Los Angeles County, within the Central District of California, defendant SHAVARSH AZARIAN knowingly possessed firearms, as set forth below, each of which defendant AZARIAN knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which were not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| ELEVEN | A firearm silencer approximately 6.5 inches in length, bearing no markings and no serial number |
| TWELVE | A firearm silencer approximately 9 inches in length, bearing no markings and no serial number |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Twelve of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

7

FORFEITURE ALLEGATION TWO

[26 U.S.C. §§ 5872, 7302, & 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Sections 5872 and 7302, as well as Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two through Twelve of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense;

    (b) All right, title and interest in any and all property used or intended to be used to commit any such offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a) or (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /S/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section